[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL AND THE LAW FIRM WITH WHICH SAID COUNSEL IS ASSOCIATED
Plaintiff Linda Tagliaferi has filed a two count revised complaint sounding in breach of contract. Plaintiff alleges in the first count that defendant Alan Barry made a mortgage loan of $50,000 to her on February 4, 1988 and thereafter caused a lis pendens to be recorded against her title during foreclosure proceedings on that mortgage loan. Plaintiff alleges further that on September 18, 1989 the defendant promised to provide a release for this second mortgage and the lis pendens for the consideration of one half of the net proceeds of the sale of the property. Plaintiff alleges that her attorney, Robert Nicola, received this release signed by the defendant on October 19, 1989 but that the defendant rescinded the release on October 20, 1989 — the date of the scheduled closing for the sale of the property. Plaintiff alleges that defendant's rescission prevented her from selling her property because she did not have clear title. Plaintiff seeks specific performance of the release, damages and attorney's fees.
In Count Two, plaintiff alleges that defendant's actions constitute a violation of Conn. Gen. Stat. section 42-110b
Connecticut Unfair Trade Practices Act ("CUTPA"). Plaintiff's petition for a preliminary injunction ordering the defendant to release the mortgage was denied on December 7, 1989 by the court, Maiocco, J.
The defendant has filed a motion to disqualify Robert Nicola, plaintiff's attorney, and his law firm on the ground that (1) the defendant intends to call Nicola as a witness whose testimony is necessary; and (2) Robert Nicola has a personal interest in the outcome of this litigation which is separate and distinct from the interest of plaintiff.
In a memorandum in support of his motion for disqualification the defendant asserts that Attorney Robert Nicola is a partner in Independent Management and Development, Ltd. [Independent], and has an interest in CT Page 2940 plaintiff's property by way of a $28,000 mortgage which Independent holds on plaintiff's property. The plaintiff has filed a memorandum in opposition to defendant's motion for disqualification.
"[T]he moving defendants bear the heavy burden of proving facts required for disqualification. . . ." Evans v. Artek Systems Corp., 715 F.2d 788, 792 (2d Cir. 1983).
"[I]n disqualification matters we must be solicitors of a client's right freely to choose his counsel — a right which of course must be balanced against the need to maintain the highest standards of profession." Id. at 791.
 In determining whether to disqualify an attorney when continued representation may result in a violation of a disciplinary rule, a court must balance the risk of violation and its consequences against the [plaintiff's] right to counsel of [her] choice. If there is an actual violation or there is a substantial likelihood that a disciplinary rule will be violated, the court may disqualify the attorney. Id. at 232-233.
I. Attorney as witness
Defendant argues in his memorandum that he will have to call plaintiff's attorney as a witness to refute plaintiff's allegation that she and defendant had an oral agreement by which defendant would release the second mortgage and the lis pendens in return for half of the net proceeds of the sale of the property. Defendant contends that this agreement was in fact the result of settlement negotiations between plaintiff's counsel and defendant, not a contract between plaintiff and defendant.
Plaintiff argues in her memorandum in opposition that disqualification of Attorney Nicola or his law firm would cause her substantial hardship. Plaintiff asserts that since Attorney Nicola did not act as advocate at the preliminary injunction hearing, there is no need to disqualify him or his law firm.
Rule 3.7(a) of the Rules of Professional Conduct states the following:
 (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
CT Page 2941
 (1) the testimony relates to an uncontested issue;
 (2) the testimony relates to the nature and value of legal services rendered in the case; or
 (3) disqualification of the lawyer would work substantial hardship on the client.
"Whenever counsel for a client reasonably foresees that he will be called as a witness to testify on a material matter, the proper action is for that attorney to withdraw from the case." State v. Repuano, 192 Conn. 228, 231 (1984).
Inasmuch as the defendant intends to use the testimony of Attorney Robert Nicola in relation to a contested issue, Rule 3.7(a) dictates that he not act as plaintiff's advocate in this case.
III. Conflict of Interest — Disqualification of Firm
"It is clear that defendant's mere assertion that a member of plaintiff's firm will be called as a witness should not require disqualification of plaintiff's firm." Fletcher v. Plotnick, 1 C.S.C.R. 136, 137 (February 10, 1986, McGrath, J.).
Rule 3.7(b) governing whether Nicola's firm should also be disqualified, states that ". . .[a] lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9."
"The purpose of Rule 3.7(b) is to disqualify an attorney where his role as trial counsel and his membership in the same firm as a witness creates an improper conflict with respect to his client." Lubesky v. Warden, 3 C.S.C.R. 118
(December 14, 1987, Mack, J.).
Rule 1.7 governs whether an attorney may continue to represent a client with whom he has a conflict of interest. Conn. Practice Bk. Rule 1.7. Rule 1.9, governing conflict of interest with a former client resulting from representation of a new client, does not apply in this case.
Defendant argues in his memorandum that plaintiff's counsel, Robert Nicola, while a partner in Independent and CT Page 2942 acting as Independent's attorney, secured a $28,000 mortgage interest in plaintiff's property on June 13, 1988. Defendant asserts in his memorandum that plaintiff is in default on the three mortgages on her property: the first held by Prudential Mortgage Co.; the second held by defendant Alan Barry ($50,000); and the third held by Independent ($28,000), plaintiff's attorney's company. Defendant contends that Mr. Nicola was also acting as plaintiff's attorney at the time of the $28,000 mortgage loan by Independent, in violation of Rule 1.7. Plaintiff argues in her memorandum that she knew Mr. Nicola was an officer of Independent.
Rule 1.7(b) of the Rules of Professional Conduct states in pertinent part that:
 A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
 (1) The lawyer reasonably believes the representation will not be adversely affected; and
 (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.
The Court is of the opinion that prior to ruling whether the plaintiff's firm will be disqualified, the issue of client consent should be disclosed more clearly within the full context of Rule 1.7(b)(2).
For the foregoing reasons, the motion to disqualify Attorney Robert Nicola is granted, and the Court awaits further information prior to ruling on whether the firm of Owens, Schine, Nicola Donahue should be disqualified.[1]
CLARANCE J. JONES, JUDGE